```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

KATHLEEN ZIMINSKI,              )
                                )
        Plaintiff,               )
                                )
    vs.                          )       No. 4:05CV31-DJS
                                )
MONSANTO COMPANY,                )
                                )
        Defendant.               )

## ORDER

This matter is before the Court on plaintiff's motion to remand this action to the state court in which it was filed. The motion turns on the existence of federal question jurisdiction and the parameters of the well-pleaded complaint rule. Plaintiff's petition makes the factual allegation that defendant Monsanto Company terminated plaintiff's employment "because of her repeated reports to the company's managers regarding the falsification of data to be submitted in reports to the EPA," the federal Environmental Protection Agency. Petition, ¶27, p.7. The petition makes the legal assertion that defendant's conduct in submitting such false reports and in terminating plaintiff's employment for reporting such fraud to her superiors "violates the public policy of the State of Missouri and United States of America[.]"  Id. at ¶28, pp.7-8.

The principal characterization of the legal cause of action asserted in the petition is found in its title: "Petition for Wrongful Discharge in Violation of Public Policy." Plaintiff amplifies this characterization in her motion to remand, describing her claim as a state law claim arising "solely from the judicially created exception to the 'at-will' employment doctrine recognized by Missouri courts." Motion to Remand [Doc. #7], p.1. Defendant appears to agree with this characterization, as in response to the motion to remand it summarizes plaintiff's petition as "alleging that she was wrongfully discharged...in violation of Missouri common law." Memo. in Response [Doc. #10], p.1.

"A federal question is raised in 'those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Peters v. Union Pacific, 80 F.3d 257, 260 (8th Cir. 1996), *quoting* Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). In this instance, only the latter possibility might support federal question jurisdiction. As to that small class of cases, "the federal interest at stake must be substantial; 'the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 807 (4th Cir. 1996). See also McNeill v. Franke, 171 F.3d 561, 564

2

(8th Cir. 1999) [the presence of a collateral federal issue does not transform a state claim into a federal case].

Both parties invoke a the three-pronged analysis as set forth in Howery v. Allstate Insurance Co., 243 F.3d 912 (5th Cir. 2001). Under this analysis, federal question jurisdiction exists where (1) a federal right is an essential element of the state law claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial. Id. at 918. The Court is not persuaded that the first two prongs of the test are satisfied, but is firmly persuaded that the third is not. Defendant identifies the question of federal law as whether defendant's conduct violated federal law as alleged in plaintiff's petition. This in turn is embedded in the element of plaintiff's Missouri common law claim requiring that plaintiff reported to her superiors misconduct violating public policy. Given the flagrantly fraudulent conduct alleged in the complaint, a determination whether it violated particular federal laws cited in the complaint does not appear to pose a substantial question. This is particularly so where Missouri law requires plaintiff only to demonstrate a reasonable belief that defendant acted in violation of federal or state law, and plaintiff has identified sources of both federal and state public policy which defendant's conduct allegedly violated. Dunn v. Enterprise Rent-a-Car Company, 2005 WL 831599, *6 (Mo.App. April 12, 2005).

3

In short, after careful consideration, the Court concludes that the dispute at bar is not one that Congress intended the federal courts to resolve. Ormet, 98 F.3d at 807. In this claim arising under state law, any interpretation of federal law necessary to the outcome will not be substantial. The Court agrees with the Fifth Circuit that:

> An expansive interpretation of the federal question statute to allow federal courts to assert jurisdiction over cases with tangential and inessential federal components would step upon the authority of state courts to decide state law and ignore the capacity of state courts to decide questions of federal law. It would allow a federal tail to wag the state dog.

Howery, 243 F.3d at 918-19. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #7] is granted.

**IT IS FURTHER ORDERED** that this action shall be remanded to the Circuit Court of St. Louis County.

Dated this   1st   day of June, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE